IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| FISH OUTA WATER, LLC<br>PO Box 113<br>Butler, MD 21023 | * | |
| | * | |
| Plaintiff | * | |
| v. | * | Civil Case No.: |
| COPELAND & COPELAND, INC.<br>D/B/A GALLEYWARE COMPANY<br>10505 Bennett Parkway, Suite 200<br>Zionsville, IN 46077 | * | |
| | * | |
| | * | |
| **SERVE ON:**<br>Corporation Service Company<br>135 N. Pennsylvania Street<br>Suite 1610<br>Indianapolis, IN 46204 | * | |
| | * | |
| | * | |
| and | * | |
| KRIS NONNENMACHER<br>10505 Bennett Parkway STE 200<br>Zionsville, IN 46077 | * | **JURY DEMAND** |
| | * | |
| Defendants | | |
| * * * * * * * * * * * * * | | |

## COMPLAINT AND JURY DEMAND

Plaintiff Fish Outa Water, LLC ("FOW") hereby files this Complaint against Defendants Copeland & Copeland, Inc. d/b/a Galleyware Company ("Galleyware") and Kris Nonnenmacher and demand a Jury on all issues triable by one.

### PARTIES

1.      Plaintiff FOW is Maryland company with a principal address in Butler, MD. A copy of FOW's Articles of Organization are attached hereto as Ex. 1.

2. FOW creates and sells state-themed apparel and décor nationwide, including products bearing the image of a crab in the Maryland colors (the "Maryland Crab Image."), among others. The Maryland Crab Image is the subject of a copyright registered with the United States Copyright Office in accordance with Title 17 of the United States Code, Crabs Outa Flags Volume One, Reg. # Vau 1-186-709 dated January 6, 2014. A copy of the Maryland Crab Image and its registration certificate are attached hereto as Ex 2.

3. Defendant Galleyware is a foreign for-profit corporation incorporated in Delaware but operating in Indiana at a principal address of 10505 Bennett Parkway STE 200 Zionsville, IN 46077. A copy of Galleyware's Foreign Registration Statement in Indiana and its Certificate of Assumed Name are attached hereto as Ex. 3.

4. Defendant Kris Nonnenmacher is an Indiana resident. Mr. Nonnenmacher is president of Galleyware.

## JURISDICTION AND VENUE

5. This action arises, in part, under the Copyright Act of 1976, 17 U.S.C. §§ 101, et. seq., 15 U.S.C. § 1051, et seq., conferring Federal question jurisdiction under 28 U.S.C. § 1331, and supplemental jurisdiction on Plaintiffs' state law claims under 28 U.S.C. § 1367.

6. Venue is proper in this District pursuant to 28 U.S. C. §§ 1391(b)(2) as: (a) a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this District; (b) Defendants conduct business in this District; (c) the unlawful acts of Defendants complained of herein have been committed within this District and have had or will have had effect in this District; (d) the written agreements/contracts as identified and described more thoroughly below were entered into by the respective parties in this District; (e) the written agreements/contracts as identified and described more thoroughly below conferred jurisdiction in this District; and (f)

Plaintiffs are residents of this District, has been and will continue to be damaged by Defendants' unlawful acts.

## FACTS

7. On November 27, 2015, FOW entered into a licensing agreement (the "License Agreement") with Galleyware, granting Galleyware a non-exclusive, non-transferrable license to use the Maryland Crab Image in exchange for royalty payments. A copy of the Galleyware License Agreement is attached hereto as Ex. 4. *See Id.*, §§ 2, 6.

8. The License Agreement applied to a one-year term from the effective date of December 2, 2015 and renewed automatically for additional one-year terms, unless terminated by either party. *See Id.*, § 6.

9. The License Agreement also identifies designated representatives for both parties in all dealings under the License Agreement. Mr. Nonnenmacher signed as the designated representative of Galleyware. The License Agreement further asserts that these designated representatives have full authority to act on behalf of and bind the party. *See Id.*, § 10.

10. At all times relevant hereto, Mr. Nonnenmacher acted as the president and designated representative of Galleyware "in all dealings under the License Agreement." *Id.*, §10

11. Upon termination of the License Agreement, Galleyware was obligated to (1) stop production of any items bearing the Maryland Crab Image; (2) return to FOW copies of the Maryland Crab Image; (3) pay FOW all outstanding royalty payments; and (4) take all steps necessary and reasonable to ensure that all suppliers, manufacturers, salespersons, or subcontractors of Galleyware comply with these requirements upon termination. *See Id.*, § 7.

12. In the event of a breach of the License Agreement, FOW is entitled, in addition to other remedies, to obtain a temporary restraining order and injunctive relief to restrain such breach

of the License Agreement. Galleyware, moreover, agreed to pay attorney's fees and costs incurred by FOW in the event of a breach of the License Agreement. *See Id.*, § 15.

13. On March 1, 2017, FOW sent Galleyware a letter notifying it that FOW terminated the License Agreement. The termination of the License Agreement was effective April 1, 2017. A copy of the notification letter is attached hereto as Ex. 5.

14. In or around June 2025, FOW discovered, via Instagram, that Galleyware was continuing to use the Maryland Crab Image on products including but not limited to a serving platter. An Instagram post marketing the serving platter with the Maryland Crab Image is attached hereto as Ex. 6.

15. Further searches revealed that Galleyware was continuing to sell products with the Maryland Crab Image on its website, including but not limited to an appetizer tray. A copy of the "Maryland Crab State Flag Appetizer Tray" listing on the Galleyware website is attached hereto as Ex. 7.

16. At this time, FOW also discovered that Smyth Jewlers, Inc. ("Smyth") was selling a Galleyware appetizer tray bearing the Maryland Crab Image. A copy of the "Galleyware Maryland Crab Melamine Appetizer Tray" listing from the Smyth website is attached hereto as Ex. 8.

17. FOW contacted a purchasing agent at Smyth who verified that Smyth had bought products, including but not limited to appetizer trays, platters, and serving bowls, from Galleyware through Faire Wholesale, Inc. ("Faire").

18. At this time, Galleyware also sold products bearing the Maryland Crab Image, including but not limited to serving bowls, serving platters, tea towels, and prints, through Faire. A copy of the Galleyware listings on Faire are attached hereto as Ex. 9.

19.     On June 27, 2025, FOW sent Galleyware a letter via email (the "First Notice"), notifying them of the infringement and violation of the Licensing Agreement. In this letter, FOW also requested that Galleyware provide it with an accounting of all Galleyware products bearing the Maryland Crab Image since April 1, 2017, the effective date of the termination of the License Agreement. A copy of this letter is attached hereto as Ex. 10.

20.     On June 28, 2025, Galleyware removed its listings with products bearing the Maryland Crab Image from the Galleyware and Faire websites.

21.     On July 17, 2025, after receiving no formal response from Galleyware, FOW sent Galleyware a second notice via email and certified mail (the "Second Notice"). A copy of the Second Notice is attached hereto as Ex. 11.

22.     On or around August 11, 2025, after again receiving no response from Galleyware, FOW called Kris Nonnenmacher and left a voicemail.

23.     On August 28, 2025, FOW sent Galleyware a demand letter (the "Demand Letter"), again notifying Galleyware of the infringement of its Maryland Crab Image copyright and requesting a full inventory of all uses of the Maryland Crab Image since April 1, 2017 to determine the full extent of Galleyware's infringing activity. FOW stated that it expected a response by September 12, 2025. A copy of the Demand Letter is attached hereto as Ex. 12.

24.     Galleyware failed to respond to the Demand Letter by September 12, 2025.

**COUNT I:**
**Copyright Infringement (17 U.S.C. § 501)**
**(Against All Defendants)**

25.     Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

26.     At all times relevant hereto, FOW was the owner of all copyright rights or rights to assert copyright claims for the Maryland Crab Image and all derivative works. FOW has complied

5

in all respects with the Copyright Act of 1976, 17 U.S.C. §§ 101, et seq., and all other laws governing copyright. *See* Ex. 2.

27. On November 27, 2015, FOW entered into a valid and enforceable License Agreement with Galleyware, permitting the use of the Maryland Crab Image. This License Agreement also identified Mr. Nonnenmacher as designated representative for Galleyware "in all dealings under this License Agreement."

28. On March 1, 2017, FOW sent Galleyware, through its representative Mr. Nonnenmacher, a letter notifying it that FOW terminated the License Agreement, effective April 1, 2017.

29. Despite this termination of the License Agreement, Galleyware has continued to produce items bearing the Maryland Crab Image and to sell these items.

30. In or around June 2025, FOW discovered that Galleyware and its representative Mr. Nonnenmacher infringed on FOW's copyright by continuing to sell products bearing the Maryland Crab Image on their website. *See* Ex. 7.

31. Galleyware also infringed on FOW's copyright by continuing to sell products bearing the Maryland Crab Image through Faire. *See* Ex. 9.

32. On June 27, 2025, FOW sent Galleyware the First Notice, through its representative Mr. Nonnenmacher, alerting them to the infringement and violation of the Licensing Agreement.

33. On June 28, 2025, Galleyware removed its listings with products bearing the Maryland Crab Image from the Galleyware and Faire websites, but it failed to respond formally to the First Notice and to provide FOW with the requested accounting of Galleyware products bearing the Maryland Crab Image since April 1, 2017.

34. Pursuant to 17 U.S.C. §§ 502, 503, 504, and 505, FOW is entitled to an award of actual damages, injunctive relief, the impoundment and destruction of the infringing materials, and his attorneys' fees and costs against Galleyware

WHEREFORE, Plaintiff respectfully asks this Court:

- Enter judgment against Defendants Copeland & Copeland, Inc., d/b/a Galleyware Company and Mr. Nonnenmacher, for compensatory damages in an amount more than $75,000, plus interest, attorneys' fees, and the costs of this action; and

- Grant any other such relief that it sees fit.

## COUNT II:
## Breach of Contract
## (Against All Defendants)

35. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

36. On November 27, 2015, FOW entered into a valid and enforceable License Agreement with Galleyware, permitting the use of the Maryland Crab Image. This License Agreement also identified Mr. Nonnenmacher as designated representative for Galleyware "in all dealings under this License Agreement."

37. Per the License Agreement, Galleyware agreed to pay an up-front royalty payment in an amount of $200.00 for each use of the Maryland Crab Image. *See* Ex. 4, § 5.

38. Per the License Agreement, FOW consented to Galleyware's use of the Maryland Crab Image for a one-year term that renewed automatically for additional one-year terms unless terminated by either party. *See Id.*, § 6.

39. Upon termination of the License Agreement, Galleyware was obligated to (1) stop production of any items bearing the Maryland Crab Image; (2) return to FOW copies of the Maryland Crab Image; (3) pay FOW all outstanding royalty payments; and (4) take all steps

necessary and reasonable to ensure that all suppliers, manufacturers, salespersons, or subcontractors of Galleyware comply with these requirements upon termination. *See Id.*, § 7.

40. On March 1, 2017, FOW sent Galleyware, through its representative Mr. Nonnenmacher, a letter notifying it that FOW terminated the License Agreement, effective April 1, 2017. FOW requested that Galleyware follow through with the actions upon termination specified in § 7 of the License Agreement. *See* Ex. 5; *see also* Ex. 4, § 7.

41. In breach of § 7 of the License Agreement, Galleyware has continued production and sale of items bearing the Maryland Crab Image.

42. In breach of § 5 of the License Agreement, Galleyware has failed to pay FOW outstanding royalty payments for the products sold since the termination of the License Agreement, effective April 1, 2017.

43. As a result of Galleyware's breaches, FOW has suffered damages in an amount more than $75,000.

WHEREFORE, Plaintiff respectfully asks this Court:

- Enter judgment against Defendants Copeland & Copeland, Inc., d/b/a Galleyware Company and Mr. Nonnenmacher, for compensatory damages in an amount more than $75,000, plus interest, attorneys' fees, and the costs of this action; and

- Grant any other such relief that it sees fit.

## COUNT III:
### Unjust Enrichment
### (Against All Defendants)

44. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

45. FOW conferred a benefit upon Galleyware by permitting its production of goods bearing the Maryland Crab Image pursuant to the License Agreement. *See* Ex. 4, § 4.

46. As a party to the executed License Agreement, Galleyware and its representative Mr. Nonnenmacher are well-aware, and has knowledge, of FOW granting it consent to produce goods bearing the Maryland Crab Image.

47. Galleyware and its agent Mr. Nonnenmacher have acted on the License Agreement and has produced numerous items bearing the Maryland Crab Image, including but not limited to serving platters, serving bowls, tea towels, Swedish towels, mugs, tumblers, and prints. *See* Ex. 7, Ex. 8, Ex. 9.

48. Under the terms of the License Agreement, Galleyware compensated FOW for use of the Maryland Crab Image by making up-front royalty payments in an amount of $200.00 for each use of the Maryland Crab Image. *See* Ex. 4, § 5.

49. On March 1, 2017, FOW sent Galleyware, through its representative Mr. Nonnenmacher, a letter notifying it that FOW terminated the License Agreement, effective April 1, 2017, thereby retracting the consent to produce goods bearing the Maryland Crab Image.

50. Galleyware has continued to produce and sell goods bearing the Maryland Crab Image. *See* Ex. 7, Ex. 8, Ex. 9.

51. Further, Galleyware has ceased all royalty payments to FOW, thereby unjustly retaining the benefit conferred upon it by FOW.

52. Under these circumstances, it would be unjust and inequitable for Galleyware to have benefitted from FOW's Maryland Crab Image while depriving it of the royalty payments.

53. As a result of WSFB's unjust enrichment, FOW has suffered damages in an amount more than $75,000.

WHEREFORE, Plaintiff respectfully asks this Court:

- Enter judgment against Defendants Copeland & Copeland, Inc., d/b/a Galleyware Company and Mr. Nonnenmacher, for compensatory damages in an amount more than $75,000, plus interest, attorneys' fees, and the costs of this action; and

- Grant any other such relief that it sees fit.

## COUNT IV:
## Specific Performance
## (Against All Defendants)

54. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

55. On November 27, 2015, FOW entered into a valid and enforceable License Agreement with Galleyware, permitting the use of the Maryland Crab Image. This License Agreement also identified Mr. Nonnenmacher as designated representative for Galleyware "in all dealings under this License Agreement."

56. Upon termination of the License Agreement, Galleyware was obligated to (1) stop production of any items bearing the Maryland Crab Image; (2) return to FOW copies of the Maryland Crab Image; (3) pay FOW all outstanding royalty payments; and (4) take all steps necessary and reasonable to ensure that all suppliers, manufacturers, salespersons, or subcontractors of Galleyware comply with these requirements upon termination. *See Id.*, § 7.

57. Galleyware and its representative Mr. Nonnenmacher have breached the License Agreement by continuing to produce and sell items bearing the Maryland Crab Image and by failing to pay FOW royalties for use of the Maryland Crab Image. *See supra* ¶¶ 41, 42.

58. On June 27, 2025, FOW sent Galleyware, through its representative Mr. Nonnenmacher, the First Notice via email, notifying them of the infringement and violation of the Licensing Agreement. *See* Ex. 10.

10

59. On July 17, 2025, after receiving no formal response from Galleyware, FOW sent Galleyware, through its representative Mr. Nonnenmacher, the Second Notice via email and certified mail. *See* Ex. 11.

60. On or around August 11, 2025, after again receiving no response from Galleyware, FOW called Mr. Nonnenmacher and left a voicemail.

61. On August 28, 2025, FOW's counsel sent Galleyware the Demand Letter, through its representative Mr. Nonnenmacher, again notifying Galleyware of the infringement of its Maryland Crab Image copyright and requesting a full inventory of all uses of the Maryland Crab Image since April 1, 2017, to determine the full extent of Galleyware's infringing activity. FOW stated that it expected a response by September 12, 2025, and Galleyware failed to respond to the Demand Letter by that date.

62. At all times relevant hereto, FOW was ready, willing, and able to resolve the copyright dispute with Galleyware and its representative Mr. Nonnenmacher.

63. At present, FOW has no adequate remedy at law.

64. FOW will face prejudice unless this Court intervenes and orders that Galleyware and its agent Mr. Nonnenmacher stop its infringing activity and comply with the termination of the License Agreement.

WHEREFORE, Plaintiff respectfully asks this Court:

- That Defendants Copeland & Copeland, Inc., d/b/a Galleyware Company and Mr. Nonnenmacher, be ordered by decree of this Court immediately stop all production of any item bearing the Maryland Crab Image; return to Fish Outa Water, LLC all copies of the Maryland Crab Image; pay Fish Outa Water, LLC all outstanding royalty payments; and take all steps necessary

and reasonable to ensure that all suppliers, manufacturers, salespersons, or subcontractors comply with the aforementioned requirements.

- Grant any other such relief that it sees fit.

## JURY DEMAND

Per Fed. R. Civ. P. 38, Plaintiff Fish Outa Water LLC demands a jury on all issues so triable.

                                                    Respectfully submitted,

                                                    /s/ Jan I. Berlage
                                                  Jan I. Berlage (23937)
                                                  Saxon M. Weimer (31035)
                                                  GOHN HANKEY & BERLAGE LLP
                                                  201 N. Charles Street, Suite 2101
                                                  Baltimore, Maryland 21201
                                                  (410) 752-1261
                                                  (410) 752-2519 (fax)
                                                  jberlage@ghsllp.com
                                                  sweimer@ghsllp.com

                                                  *Counsel for Plaintiff*